THE STATE, ABRAHAM APGAR, PROSECUTOR, v. HOFFMAN, COLLECTOR OF THE TOWNSHIP OF BETHLEHEM.

1. A farm lying in two townships, upon which there was a dwelling house situate in each of said townships, one of which was occupied by the owner, and the other by his son, who tilled the farm upon shares, *held* to be all occupied by the owner, and to be rightfully taxed to him in the township wherein he resided.

2. It seems that the act to make taxes a lien on real estate, *Nix. Dig.* 853, ₴ 33, is only directory, and is indispensable only for the purpose of authorizing a sale of the land when the owner is a non-resident.

On *certiorari.* In matter of assessment.

For the prosecutor, *G. A. Allen.*

For the defendant, *B. Van Syckel.*

The opinion of the court was delivered by

ELMER, J. The prosecutor owns a farm in the county of Hunterdon, which is divided by the line between the townships of Bethlehem and Lebanon, his residence being on that part which lies in the latter township. His son resides in the farm buildings on that part within the township of Bethlehem, and as the case agreed upon states, farms the whole premises on shares, occupies the farm buildings, having the entire control and management of the premises, the father pasturing two cows and two horses, picking apples from the orchard, and assisting at times in working thereon, but only at his pleasure. The prosecutor was assessed, in the year 1861, for the value of the whole premises by the assessor of the township of Bethlehem, and it is the object of this *certiorari* to test the legality of that assessment. It is understood that he was also assessed for the same premises by the assessor of Lebanon.

It is provided, by the sixth section of the tax law of 1854, 3 *Nix. Dig.* 851, § 63,* that every person shall be assessed in the township or ward where he resides when the assessment

---

*Rev., p. 1152, ₴ 65.

is made, for all lands then owned by him within said township or ward, either occupied by him or wholly unoccupied, and when the line between two townships or wards divides a farm or lot, the same shall be taxed, if occupied, in the township or ward where the occupant resides.

The first section of a subsequent act, of the same year, to make taxes a lien on real estate, 3 *Nix. Dig.* 853, § 77,* requires the assessor to assess all lands and real estate in the names of the owners thereof respectively, and to designate the same by some short description, such as will be sufficient to ascertain the location and extent thereof. The phrase unoccupied land, as used in the act of 1854, designated, I suppose, the same kind of land as was described in the previous tax law as unimproved or untenanted land, by which was, no doubt, meant land having no visible occupant or possessor. The prosecutor's farm was certainly occupied land, and I see no reason to doubt that he was himself, both the owner and the occupant of all but the buildings actually in the occupation of his son.

Land let on shares remains in the possession of the landlord. *Tayl. Landlord and Tenant*, § 24. The tenant being in that case a mere farmer, paid for his labor by a share of the produce. The burthen of proof, that he was not the occupant, was on the prosecutor, the presumption being that the assessment is correct. It is stated, in the agreed case, that his son had the entire control and management of the premises; but it is not stated that he possessed or occupied them, and I think that the inference from all the facts stated is that he did not, but that the prosecutor did.

It is not necessary to decide in this case, what would have been the consequence, if the son had been in fact the tenant and occupant of the farm.

If the first section of the act to make taxes a lien on real estate is to be construed as peremptory in all cases, and as repealing the previous act, which authorized land to be assessed to the tenant, 3 *Nix. Dig.* 846, § 33, it must have been assessed to the prosecutor, as owner thereof, partly in

*Rev., p. 1163, § 114.

the one township, and partly in the other. Or if that section is only directory, and is indispensable only for the purpose of authorizing a sale where the owner is a non-resident, as I incline to think, it might have been assessed to the tenant in each township. The whole farm could not have been assessed to either in the township where he resided, because that is authorized only in the case where the owner is also the occupant. As in this case the prosecutor, who resides in Lebanon, was the owner and occupant, it follows that the assessment in Bethlehem was unauthorized, and must be set aside.

Assessment set aside.

CITED in *State* v. *Jewell*, 5 *Vroom* 260.